...

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DAMIAN CHRISTOPHER STRICKLAND**,<br><br>        Plaintiff,<br><br>        v.<br><br>**ALYDIA O'NEILL**,<br><br>        Defendant. | Case No. 3:15-cv-00635-SI<br><br>**OPINION AND ORDER** |

Damian Christopher Strickland, 17911 SE Caruthers Street, Portland, OR 97233. Plaintiff *pro se*.

Francis T. Barnwell and Liani J. Reeves, BULLARD LAW, 200 SW Market Street, Suite 1900, Portland, OR 97201. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

      Plaintiff Damian Christopher Strickland ("Plaintiff") brings *pro se* an employment discrimination claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq., against Defendant Alydia O'Neill ("Defendant"). Before the Court is Defendant's motion to dismiss under Federal Rules of Civil Procedure ("FRCP") 12(b)(1) and (b)(6). For the reasons that follow, Defendant's motion is granted and this case is dismissed with prejudice.

PAGE 1 – OPINION AND ORDER

## STANDARDS

### A. FRCP 12(b)(1): Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, --- U.S. ---, 133 S. Ct. 1059, 1064 (2013) (citation omitted). As such, a court is to presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A motion to dismiss under FRCP 12(b)(1) for lack of "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). An objection that a particular court lacks subject matter jurisdiction may be raised by any party, or by the court on its own initiative, at any time. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); FRCP 12(b)(1). The Court must dismiss any case over which it lacks subject matter jurisdiction. FRCP 12(h)(3).

A FRCP 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be either "facial" or "factual." *See Safe Air for Everyone*, 373 F.3d at 1039. A facial attack on subject matter jurisdiction is based on the assertion that the allegations contained in the complaint are insufficient to invoke federal jurisdiction. *Id.* "A jurisdictional challenge is factual where 'the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.'" *Pride v. Correa*, 719 F.3d 1130, 1133 n.6 (9th 2013) (quoting *Safe Air for Everyone*, 373 F.3d at 1039)). When a defendant factually challenges the plaintiff's assertion of jurisdiction, a court does not presume the truthfulness of the plaintiff's allegations and may consider evidence extrinsic to the complaint. *See Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012); *Robinson*, 586 F.3d at 685; *Safe Air for Everyone*, 373 F.3d at 1039. A

PAGE 2 – OPINION AND ORDER

factual challenge "can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency." *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996) (citation and quotation marks omitted).

## B.  FRCP 12(b)(6): Failure to State a Claim

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

PAGE 3 – OPINION AND ORDER

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

## C. *Pro Se* Plaintiffs

*Pro se* plaintiffs—many of whom file *in forma pauperis*—do receive some special dispensation. A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "A *pro se* litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation and internal quotation marks omitted). But even a *pro se* plaintiff, particularly one filing *in forma pauperis*, must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## DISCUSSION

Defendant argues that this action should be dismissed in its entirety pursuant to FRCP 12(b)(1) and 12(b)(6). First, Defendant argues that the Court lacks subject matter jurisdiction over this case because Plaintiff failed to exhaust his administrative remedies. Second, Defendant argues that Plaintiff's second amended complaint fails to state a claim because Plaintiff has not filed his action within the applicable statute of limitations. Because the Court finds that it does not have subject matter jurisdiction over this case and dismisses Plaintiff's action on that basis, the Court does not reach Defendant's second argument.

Plaintiff's second amended complaint brings a claim for race discrimination under Title VII. The Ninth Circuit has expressly held that Title VII procedures require the exhaustion of administrative remedies before a court may acquire subject matter jurisdiction. *Vasquez v. Cnty. of L.A.*, 349 F.3d 634, 644 (9th Cir. 2004); *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099

PAGE 4 – OPINION AND ORDER

(9th Cir. 2002). Thus, before a plaintiff can file a Title VII discrimination claim, he must first exhaust the administrative remedies provided by the Equal Employment Opportunity Commission. 42 U.S.C. § 2000e-5(b). There is a maximum of a 300-day time limit for this administrative remedy, and Plaintiff's termination occurred on July 20, 2013,[1] more than 300 days ago. *Id.* § 2000e-5(e)(1). Plaintiff's second amended complaint does not allege that he exhausted his federal administrative remedies before bringing his Title VII claim, nor does Plaintiff dispute Defendant's assertion that he has not exhausted his administrative remedies.[2]

Because Plaintiff did not exhaust his administrative remedies, the Court does not have subject matter jurisdiction over his Title VII claims. Further, at this point, Plaintiff cannot meet the timing requirement for filing a complaint with the EEOC. *See id.* § 2000e-5(e)(1). Accordingly, his claim must be dismissed with prejudice.

## CONCLUSION

Defendant's motion to dismiss (Dkt. 26) is GRANTED and this case is DISMISSED with prejudice.

**IT IS SO ORDERED**.

DATED this 9th day of March, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

---

[1] The Court notes that Plaintiff does not allege an ongoing violation. Dkt. 24 at 3.

[2] On January 29, 2016, Plaintiff filed a "Motion to Receive Relief" (Dkt. 35), which the Court treated as Plaintiff's response to Defendant's motion to dismiss. Dkt. 36. Because Plaintiff's "Motion to Receive Relief" failed to address Defendant's arguments in Defendant's motion to dismiss, the Court permitted Plaintiff to file another response to Defendant's motion by February 29, 2016. *Id.* Plaintiff did not do so.